**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL NAPOLITANO, et al.

Plaintiffs,

v.

KRYSTLE TOWERS, LLC, et al.

Defendants.

2:05-CV-829-BES-GWF

**ORDER**

Currently before this Court is Defendants' Motion to Dismiss, which was filed with the state court on June 27, 2005—before this case was removed. Plaintiffs filed a Response (#4) on July 12, 2005, Defendants filed a Reply (#7) on July 15, 2005, and Plaintiffs filed a Supplement to their Response (#21) on September 20, 2005.

Also before this Court is Plaintiffs' Motion for Remand (#3), which was filed on July 11, 2005. Defendants filed a Response (#13) on July 29, 2005, and Plaintiffs filed a Reply (#17) on August 11, 2005.

Also before this Court is Defendants' Motion to Stay (#19), which was filed on August 23, 2005. Plaintiffs filed a Response (#20) on September 9, 2005, and Defendants filed a Reply (#22) on September 23, 2005.

Before this Court may rule on Defendants' Motion to Dismiss, it must first consider Plaintiffs' Motion to Remand (#3) and determine whether the Court has subject matter

jurisdiction over this action. McCabe v. Gen. Foods Corp., 81 F.2d 1336, 1339 (9th Cir. 1987).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2005). Further, under 28 U.S.C. § 1447(c), a district court must remand an action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). These statutes are strictly construed against removal jurisdiction and doubts as to the right of removal are resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Because of the strong presumption against removal jurisdiction, the removing party bears the burden of proving, by a preponderance of the evidence, that removal is proper. Gaus, 980 F.2d at 566; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403–04 (9th Cir. 1996).

In their Notice of Removal (#1), Defendants allege that Plaintiffs' Complaint in this case is a "duplicative sham pleading" because Plaintiffs are already class members in Azevedo v. Krystle Towers, Case No. 2:05-493-BES-PAL ("Azevedo Class Action"), which was removed to this Court pursuant to the Class Action Fairness Act ("CAFA"). The crux of Defendants' argument is that this action may therefore be properly removed and consolidated with the Azevedo Class Action and the related case, Stone v. Krystle Towers, Case No. 2:05-cv-671-BES-GWF ("Stone Consolidated Action").

In their Motion to Remand (#3), Plaintiffs argue the following: (1) the state court Complaint contains no class action allegations and therefore cannot be removed under the CAFA; (2) assuming the Complaint does include class action allegations, it is subject to mandatory remand under 28 U.S.C. § 1332(d)(5)(B) because there are less than 100 class members; and (3) assuming there are more than 100 class members, the Complaint is subject to discretionary remand because over 1/3 of the class members are from Nevada, a significant Defendant is a Nevada citizen, and the principal injuries were incurred in Nevada, thereby

meeting the local action exception under 28 U.S.C. § 1332(d)(3)(A).

On October 11, 2005, Judge Mahan held a hearing on Motions to Remand that were filed in both the Azevedo Class Action and the Stone Consolidated Action. Applying the factors enumerated in 28 U.S.C. § 1332(d)(3), Judge Mahan declined to exercise jurisdiction over either action and exercised his discretionary remand powers, finding, inter alia, that these actions involved a local controversy that would be best decided by a Nevada state court. Thus, because Judge Mahan remanded the Azevedo Class Action and the Stone Consolidated Action, this action cannot be consolidated with those actions as Defendants argued in their Notice of Removal (#1). Further, even assuming that Plaintiffs' Complaint could be read to contain class action allegations, the Court agrees with Judge Mahan's ruling, exercises its discretionary remand powers under 28 U.S.C. § 1332(d)(3), and declines to exercise jurisdiction over this case.

## III. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#3) is granted.

IT IS FURTHER ORDERED that the remaining pending motions, including Defendants' Motion to Dismiss and Defendants' Motion to Stay (#19), are denied as moot.

DATED: This 6th day of June, 2006.

UNITED STATES DISTRICT JUDGE